UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV31-3-V
(5:98CR192-1-V)

| | |
|---|---|
| BRYON JOSEPH KNOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration filed April 17, 2006 (Document No. 6.) For the reasons stated herein Petitioner's Motion to Reconsider is DENIED.

## I. Factual and Procedural Background

A review of the record reflects that on December 22, 1998, Petitioner pled guilty, without the benefit of a plea agreement, to conspiracy to distribute a quantity of cocaine and cocaine base. This Court sentenced Defendant on June 21, 1999 to a total term of 180 months imprisonment plus five years supervised release. Judgment was entered July 23, 1999 and Petitioner did not appeal.

Petitioner filed the instant § 2255 motion, (Document No. 1), on February 21, 2006, over six and one half years after he was sentenced. Pursuant to the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), the Court send Petitioner a notice pursuant to Hill, allowing Petitioner to file a document explaining why his petition should be deemed timely filed

1

(Document No. 2.) On March 8, 2006 Petitioner filed a document in response to this Court's Hill notice explaining that his Petition was late because he filed it in response to the Supreme Court's January 12, 2005 decision in Booker v. United States, which held the United States Sentencing Guidelines to be unconstitutional (Document No. 3) On March 13, 2006 this Court dismissed Petitioner's Petition as untimely explaining that Booker is not retroactively applicable to cases on collateral review, United States v. Morris, 429 F.3d 65 (4th Cir. 2005) and that Petitioner stated reason for filing his Petition almost five years too late did not qualify for equitable tolling (Document No. 4.)

On April 17, 2006 Petitioner filed the instant motion for reconsideration arguing that when he was originally sentenced on June 21, 1999, he received a two level gun enhancement giving him and additional five years based on a "detainer"[1] in state court for aiding and abetting assault with a deadly weapon with intent to kill, a charge he was not guilty of committing[2]. Petitioner argues that the one year period of limitations should begin on the date which he discovered that his state court "detainers" were expunged, which was in January 2006.

Petitioner explains that he began writing to the state court in November 1999 to learn more about the "detainers". Sometime in 2001, Petitioner learned from the inmate systems manager that he no longer had the "detainers" against him. Petitioner forwarded this information

---

[1] The Court notes that the PSR reflects that the "detainer" Petitioner is referring to was an unserved warrant on file with the Clerk of court in Catawba County for Aiding and Abetting Assualt with a Deadly Weapon with Intent to Kill.

[2] Petitioner concedes that the victim, Frank Tucker, was shot. However, Petitioner disputes that he directed Derrick Gibbs to shoot Frank Tucker. The Court notes that Petitioner filed this objection to the presentence report ("PSR"), but withdrew all of his objections to the PSR at sentencing in consideration of the Government's 5K1.1 motion.

to his attorney sometime in 2002 and his attorney told Petitioner he would work on his case. In 2004, Petitioner's attorney told Petitioner if Petitioner paid him, he could get the gun enhancement removed. Since Petitioner had no money, he began working on the case himself. In January 2006, Petitioner received a letter from the Catawba County Clerk stating that Petitioner's state case had been destroyed. Petitioner filed his federal habeas petition on February 21, 2006, shortly after he became aware that his state file had been expunged. Petitioner asks this Court to reconsider its prior Order dismissing his petitioner as untimely.

## II. Analysis

Petitioner's interpretation of what occurred during his sentencing is incorrect. According to the presentence report ("PSR"), Petitioner received a two level gun enhancement because investigators reported that Petitioner routinely possessed and/or carried firearms in furtherance of the drug conspiracy. The PSR indicates Petitioner's role in the conspiracy was as the "enforcer." (PSR ¶ 9.) In support of this role, the PSR cites to a 1994 incident in which co-defendant Derrick Gibbs shot an individual in the thigh with a .380 handgun at the direction of Petitioner. The PSR goes on to state that "[m]ost of the participants of this conspiracy carried various guns for protection and enforcement. The fact that these individuals were armed was commonly known by all the individuals involved in the conspiracy." (PSR ¶ 9.) Petitioner filed an objection to paragraph 9 of the PRS stating that although he was present when Derrick Gibbs shot the victim, Frank Tucker, he did not direct Gibbs to shoot Tucker. The Probation Officer responded to Petitioner's objection stating that "[a]ccording to Investigator Mark Burgin with the Hickory Police Department in Hickory, NC, the altercation between Frank Tucker, Derrick

3

Gibbs, and the [petitioner] was over a drug transaction. The victim, Frank Tucker, was interviewed by investigators. He related that Bryon Knox directed Gibbs to shoot him, or words to that effect. According to investigators, the shot was fired after Tucker was physically assaulted by Gibbs and Knox." (Addendum to the PSR at 1.) As is clear from the Petitioner's objection, he does not contest that Frank Tucker was shot, only that he did not direct the shooting. At sentencing, Petitioner withdrew all of his previously filed objections to the PSR in consideration of the Government's 5K1.1 motion. (Sentencing Transcript at 4.)

The fact that Petitioner was never convicted of the offense regarding Frank Tucker's shooting, has no bearing on the weapon enhancement as a conviction is not required to support a weapon enhancement . Furthermore, the incident regarding Frank Tucker was not the only reason Petitioner received a weapon enhancement. Petitioner also filed an objection to the two-level weapon enhancement applied in paragraph 19 of the PSR. The probation officer responded that Petitioner was known as the "'enforcer' using threats and intimidation of firearms to further his drug trade. Reports also indicate that a number of individuals in this conspiracy routinely possessed and carried firearms in furtherance of this conspiracy and that this was commonly known by all participants." (Addendum to the PSR at 1.) Petitioner also withdrew this objection at sentencing. (Sentencing Transcript at 4.)

The fact that the underlying charge regarding Frank Tucker's shooting was ultimately not indicted, has no effect on the gun enhancement as that conduct was not the only relevant conduct supporting the gun enhancement and a conviction is not necessary to support a gun enhancement. Furthermore, Petitioner withdrew his previously filed objections to the PSR  during the sentencing hearing.

With respect to the timing of the one year limitations period, the short response to Petitioner's Motion to Reconsider is to note that Petitioner filed the instant Motion to Vacate over five years too late and his stated reason for doing so does not justify equitable tolling. Furthermore, 2255(4) does not save Petitioner's Petition.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on June 21, 1999, and judgment was entered on July 23, 1999. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered, around August 2, 1999. Therefore Petitioner had until about August 2, 2000 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until February 21, 2006 – that is,

more than five years after the expiration of the limitations period.

Petitioner now seems to be arguing that the one year limitations period should run from January 2006 pursuant to 2255(4), the date that he learned that his state court records had been expunged. The problem with Petitioner's argument is that by his own admission, Petitioner learned that the state court "detainers" were removed from his record as early as 2001. Petitioner shared this information with his attorney in 2002 and learned in 2004 that his attorney could only help him if Petitioner could afford to pay him. Petitioner clearly had knowledge of the facts supporting his claim as early as 2001[3]. Therefore, even under 2255(4) the one year limitations period for filing his 2255 Petition has long expired. Moreover, as already stated in this Order, the fact that Petitioner's state court record has been expunged has no bearing on this Court's imposition of a gun enhancement because the gun enhancement was not based on a prior conviction but only relevant conduct provided by law enforcement. Furthermore, as stated in this Court's earlier Order, Petitioner has failed to establish that his stated reason for filing his Petition almost five years too late qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition.

---

[3] For the reasons stated in this Order even if this Court were to deem Petitioner's Petition to be timely filed, Petitioner's claim regarding the gun enhancement has no merit.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Reconsider is DENIED.

**SO ORDERED.**

Signed: May 24, 2006

Richard L. Voorhees
Chief United States District Judge